UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**United States of America,**

v.  No. 4:25-cr-00143-P

**Jose Alejandro Sarazua, Jr. (01),**

## OPINION & ORDER

Before the Court is Defendant Jose Sarazua Jr's Motion to Dismiss the Indictment. ECF No. 17. Having considered the Motion, relevant docket filings, and applicable law, the Court will **DENY** the Motion.

## BACKGROUND

In 2015, Sarazua was found guilty on a felony conviction for injury to a child, for which he received a two-year prison sentence. *See* ECF No. 18-1. More recently, a grand jury found that Sarazua violated the possession prong of 18 U.S.C. § 922(g)(1) and § 924(a)(8) in June 2024. Section 922(g)(1) provides, in pertinent part:

> (g) It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

On June 17, 2025, Sarazua filed a Motion to Dismiss the Indictment arguing that: (1) Section 922(g)(1) exceeds Congress's power under the Commerce Clause; and (2) Section 922(g)(1) is unconstitutional under the Second Amendment. For the second argument, Sarazua made both

a facial and as-applied challenge. The Court now addresses those arguments.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CR. P. 12(b)(1). In deciding the motion, the Court should "take the allegations of the indictment as true." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

## ANALYSIS

In support of his Motion, Sarazua asserts that 18 U.S.C. § 922(g)(1) is unconstitutional under Congress's commerce power and the Second Amendment. The Court will address both arguments.

### A. Congress's Commerce Power and § 922(g)(1)

Sarazua first argues that 18 U.S.C. § 922(g)(1), which prohibits the possession of firearms by convicted felons, exceeds the scope of Congress's power to regulate interstate commerce.

The Fifth Circuit and other circuit courts have consistently upheld § 922(g)(1)'s constitutionality as a proper exercise of Congress's commerce power. *See United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001) (collecting cases holding that § 922(g)(1) is a valid exercise of the commerce power); *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996) ("We therefore join eight courts of appeal upholding the constitutionality of § 922(g)(1) as a valid exercise of the commerce power.").

Sarazua cites no authority that holds to the contrary. He even concedes that Fifth Circuit precedent squarely opposes his assertion. Thus, Defendant's argument that § 922(g)(1) exceeds the scope of Congress's commerce power fails.

### B. The Second Amendment and § 922(g)(1)

Sarazua next contends that § 922(g)(1) is unconstitutional under the Second Amendment both facially and as-applied. The Court will address them in that order.

### 1. Facial Challenge

Sarazua's facial challenge argues that § 922(g)(1) violates the Second Amendment in light of the Supreme Court's recent decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *Bruen*, holding that a restriction on firearm possession must square with "this Nation's historical tradition of firearm regulation," reformulated the applicable legal test courts must use in determining whether restrictions on a law-abiding citizen's possession of a firearm are constitutional. *Bruen*, 597 U.S. at 17. Sarazua argues there is a lack of historical evidence that the United States has a tradition of prohibiting or regulating the possession of firearms by convicted felons. ECF No. 17. The Court disagrees.[1]

In any event, this Court need not conduct an exhaustive evaluation of Sarazua's facial challenge because the Fifth Circuit recently foreclosed such a challenge. *See United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024); *see also United States v. Contreras*, 125 F.4th 725, 729 (5th Cir. 2025) ("As the Diaz panel found at least one

---

[1] The Second Amendment was widely understood to codify a pre-existing right, not grant a new one. *District of Columbia v. Heller*, 554 U.S. 570, 603 (2008). But that right has never been unlimited. *Id.* at 626. Indeed, the United States has a long history of categorically restricting the possession or ownership of firearms, spanning from its colonial era through present day. *See* Robert J. Spitzer, *Gun Law History in the United States and Second Amendment Rights,* 80 Law & Contemp. Probs. 55 (2017) (examining the history and development of U.S. gun laws and regulations by category). Some estimates indicate that there were no fewer than eleven laws among the colonies—predating the ratification of the Constitution—regulating or prohibiting the possession of firearms by convicted felons, other "criminals," or non-citizens. *Id.* at 60. This history of allowing only those citizens who are "law-abiding" to own or possess firearms is what the Court in *Heller* and *Bruen* left undisturbed. *See Heller*, 554 U.S. at 626 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."); *Bruen*, 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . [n]or have we disturbed anything that we said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns.").

constitutional application of 922(g)(1), *see Diaz*, 116 F.4th at 471, [Defendant's] facial challenge is foreclosed.").

### 2. As-Applied Challenge

As for Sarazua's as-applied challenge, the issue is whether *United States v. Diaz* requires dismissal of Defendant's indictment under the Second Amendment. 116 F.4th 458 (5th Cir. 2024). As discussed above, the Supreme Court established a two-step framework for Second Amendment constitutional challenges. *Bruen*, 597 U.S. at 19–24. First, courts determine whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 24. If so, then second, the government must "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

Using the *Bruen* framework, the United States Court of Appeals for the Fifth Circuit recently analyzed whether a defendant's prior criminal convictions could constitutionally serve as a basis for an indictment for possession of a firearm as a felon. *See Diaz*, 116 F.4th at 466. The court determined that "at least one of the predicate crimes that Diaz's § 922(g)(1) conviction relies on—theft—was a felony and thus would have led to capital punishment or estate forfeiture." *Id.* On that basis, the Fifth Circuit concluded that no Second Amendment violation occurred. *See id.* But the court stated that its holding was "not only premised on the fact that Diaz is a felon. Simply classifying a crime as a felony does not meet the level of historical rigor required by *Bruen* and its progeny." *Id.* at 469.

Here, the first step of *Bruen* is satisfied. The Second Amendment's text covers Sarazua's conduct (possessing a firearm) because the Fifth Circuit has repeated that felons are among "the people" protected by the Second Amendment. *Id.* at 466–67.

As for the second step, the Court finds that Sarazua's prior conviction, for injury to a child, fits within the Nation's historic tradition of firearm regulation. Clear precedent demonstrates that the government may lawfully disarm the dangerous. *See United States v. Morton*, 123 F.4th 492, 2024 WL 5114316, at *5 (6th Cir. Dec. 16, 2024); United States v. Betancourt, ___ F.4th ___, 2025 WL 1571854, at *3 (5th

4

Cir. June 4, 2025) (explaining that the government may disarm a defendant whose prior convictions show that he "poses a threat to public safety").

The Court therefore finds that the Second Amendment does not preclude enforcement of Section 922(g)(1) against Sarazua.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Sarazua's Motion to Dismiss the Indictment. ECF No. 17.

**SO ORDERED** on this **23rd day of June 2025.**

*[Signature: Mark T. Pittman]*

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE